IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 5:21cr35-TKW

KENNETH SIZEMORE
_______________________________/

# FACTUAL BASIS FOR GUILTY PLEA

The parties agree with the truthfulness of the following factual basis for the defendant's guilty plea. The undersigned parties further agree that not all of the facts known from this investigation are contained in this brief summary.

In September 2020, through intercepted communications of co-defendant Marcel Michaud's phone, investigators confirmed information provided by several sources indicating that the defendant had a large quantity of opioid pills buried on his property. The defendant lives in a rural area of Bay County west of Youngstown. He owns more than 6 acres of land, most of it undeveloped. Intercepts revealed that the defendant was trading opioid pills to Michaud in exchange for methamphetamine and marijuana. The defendant regularly obtained 1 to 2 ounces of methamphetamine at a time and provided various quantities of industrially manufactured opioid pills. The defendant further distributed the methamphetamine to friends and family, sometimes in exchange for money. Furthermore, the defendant was providing significantly more pills to Michaud than

the equivalent amount of methamphetamine, so he was also receiving a significant amount of money from Michaud. Investigators recorded numerous conversations between Michaud and Sizemore discussing the purchase of methamphetamine and marijuana, the exchange of methamphetamine for pills, and the purchase of pills by Michaud.

Intercepts, surveillance, and other investigative efforts revealed that the defendant had obtained thousands of pills (Oxycontin and Oxycodone) from an employee at the Bay County Incinerator and that he was burying them in 50-gallon drums on his property. The defendant had previously worked as a contract welder at the Bay County Incinerator. The pills were intended for destruction. The Bay County Incinerator closed in early 2021. Intercepts from March 2021 indicated that the defendant's supply of pills was running low and then in May he told Michaud that the pills were done.

Over the course of the investigation, DEA investigators obtained further details concerning the defendant's sale of opioid pills to Michaud. The defendant met Michaud approximately two years ago and he started selling opioid pills after a couple of weeks. The defendant sold 10mg, 20mg, ands 30mg oxycodone pills in batches of 500 pills to 5,000. The defendant charged ~~$10,000 for~~ $5.00, then $3.75 for WSN DMS KS 500 X10mg pills, ~~$15,000~~ $10.00 per pill, then $8.75 for 500 X 20mg, and ~~$20,000~~ $15.00 per pill, then $13.75 WSN DMS KS for 500 X 30 mg. The defendant met Michaud every 7 to 10 days from 2019 to 2021 to conduct drug transactions and he sold over 100,000 pills to Michaud. The defendant knows that Michaud sold most

WSN DMS KS

of the pills to co-defendant Darrell Britt.

DEA investigators searched the defendant's home on May 14, 2021. During the search investigators found 72.2 grams of methamphetamine, with a 99% purity as determined by the DEA laboratory. Investigators also found $178,229 in U.S. currency, a small stash of about 20 opioid pills and some empty pill bottles. After advising the defendant of his Miranda Rights, he admitted to possessing and selling opioid pills but stated that he did not have any more; he showed investigators the barrel where they were stored. The defendant has not received a regular income for several years. Since 2018, he has total reported income of less than $20,000.

The defendant admits that he conspired with Michaud and others to possess with intent to distribute and distribute 500 grams or more of a mixture and substance containing methamphetamine and a quantity of oxycodone. The defendant knew that the unlawful purpose of the conspiracy was to distribute methamphetamine and oxycodone. The plan to distribute methamphetamine and oxycodone involved two or more people, including the defendant, Michaud, and Britt. The defendant knowingly agreed to join the conspiracy to distribute methamphetamine.

## ELEMENTS OF THE OFFENSE

The elements of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, 500 grams or more of a mixture and substance containing a detectable amount of

methamphetamine, its salts, isomers, and salts of its isomers, and a quantity of oxycodone, in violation of 21 U.S.C. § 846, as charged in **Count One**, are:

*First:* Two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess methamphetamine and oxycodone;

*Second:* The defendant knew the unlawful purpose of the plan and willfully joined in it; and

*Third:* The object of the unlawful plan was to possess with intent to distribute methamphetamine and oxycodone.

The elements of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), as charged in **Count Seven**, are:

*First:* The defendant knowingly possessed 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers; and

*Second:* The defendant intended to distribute the methamphetamine.

JASON R. COODY
United States Attorney

[signature]
WALTER E. NARRAMORE
Assistant United States Attorney

5/26/2022
Date

[signature]
DONALD M. SHEEHAN
Attorney for Defendant

[signature]
KENNETH SIZEMORE
Defendant

5-26-22
Date